ORIGINAL

19MAG4910

Approved: _____
Brett M. Kalikow
Assistant United States Attorney

Before:   THE HONORABLE DEBRA FREEMAN
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - x
                                 :   COMPLAINT
UNITED STATES OF AMERICA         :
                                 :   Violations of
       - v. -                    :   18 U.S.C.
                                 :   §§ 922(a)(1)(A),
LARRY FARMER,                    :   922(g)(1), 924(n), and
   a/k/a "P-90,"                 :   2
                                 :
                    Defendant.   :   COUNTY OF OFFENSE:
                                 :   NEW YORK
- - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

   LAEJON BROOKS, being duly sworn, deposes and says that he is a Special Agent with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives, and charges as follows:

## COUNT ONE
### (Firearms Trafficking)

   1. From at least in or about April 17, 2018 up to and including at least on or about May 20, 2019, in the Southern District of New York and elsewhere, LARRY FARMER, a/k/a "P-90," the defendant, not being a licensed importer, licensed manufacturer, and licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully and knowingly engage in the business of importing, manufacturing, and dealing in firearms, and in the course of such business did ship, transport, and receive firearms in interstate and foreign commerce, to wit, FARMER transported firearms from South Carolina and other states to Manhattan and Brooklyn, New York for the purpose of illegally reselling the firearms.

   (Title 18, United States Code, Sections 922(a)(1)(A), 924(n), and 2.)

**COUNT TWO**
**(Felon in Possession)**

2.      On or about April 17, 2018, in the Southern District of New York and elsewhere, LARRY FARMER, a/k/a "P-90," the defendant, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did possess in and affecting commerce a firearm, to wit, a Remington 1911 R1 .45 caliber pistol, which had previously been shipped and transported in interstate commerce, and did so knowingly.

(Title 18, United States Code, Sections 922(g)(1).)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

3.      I am a Special Agent with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement agents, witnesses, and others, as well as my examination of reports, records, audio recordings, and video footage. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

4.      Based on my review of reports of controlled firearms purchases on or about April 17, July 9, November 20, and December 20, 2018, and on or about January 28, March 25, and May 20, 2019 (the "Controlled Buys"), video footage and audio recordings of the Controlled Buys, and my conversations with an undercover law enforcement agent ("UC-1"), I have learned, in substance and in part, the following:

a.      On or about April 17, 2018, UC-1 met with LARRY FARMER, a/k/a "P-90," the defendant, in Manhattan, New York. During that meeting, FARMER sold a Remington 1911 R1 .45 caliber pistol, serial number RHH021354 ("Firearm-1") to UC-1 in exchange for approximately $850.

b.      On or about July 9, 2018, UC-1 met with FARMER in Manhattan, New York. During that meeting, FARMER sold

2

a Springfield XDS .45 caliber pistol ("Firearm-2") to UC-1 in exchange for approximately $800.

        c. On or about November 20, 2018, UC-1 met with FARMER in Brooklyn, New York. During that meeting, FARMER sold a Glock G43 .40 caliber pistol ("Firearm-3") to UC-1 in exchange for $800.

        d. On or about December 20, 2018, UC-1 met with FARMER in Brooklyn, New York. During that meeting, FARMER sold a Tanfoglio Titan .380 caliber pistol ("Firearm-4") to UC-1 in exchange for $750.

        i. During the December 20, 2018 controlled buy, FARMER told UC-1, in substance and in part, that he obtains the firearms he sells from out of state, particularly, in southern states including South Carolina.

        e. On or about January 28, 2019, UC-1 met with FARMER in Brooklyn, New York. During that meeting, FARMER sold a Ruger P-89 9mm caliber pistol ("Firearm-5") and a Walther CCP 9mm caliber pistol ("Firearm-6") to UC-1 in exchange for $850 for each firearm.

        f. On or about March 25, 2019, UC-1 met with FARMER in Brooklyn, New York. During that meeting, FARMER sold a Kahr model P40 .40 caliber pistol ("Firearm-7") to UC-1 in exchange for $850.

        g. On or about May 20, 2019, UC-1 met with FARMER in Brooklyn, New York. During that meeting, FARMER sold a Springfield XD .40 caliber pistol ("Firearm-8) and a Smith & Wesson M&P Shield 9 millimeter caliber pistol ("Firearm-9") to UC-1 in exchange for $1750.

        h. At the conclusion of the May 20, 2019 sale, law enforcement agents placed FARMER under arrest.

        i. In total, across the seven controlled buys between in or about April 2018 and in or about May 2019, FARMER sold nine firearms to law enforcement agents.

        j. UC-1 arranged to meet FARMER for each of the Controlled Buys by communicating with FARMER via telephone calls and/or text messages, during which FARMER used one of three telephone numbers ("Phone Number-1," "Phone Number-2", and "Phone Number-3").

2. Based on my review of GPS and cell site data for Phone Number-2, I have learned, in substance and in part, the following:

   a. On or about December 19, 2018, the day before LARRY FARMER, the defendant, sold Firearm-4 to UC-1, the cellphone associated with Phone Number-2 was located in and around South Carolina.

   b. On or about March 16 and March 17, 2019, approximately one week before FARMER sold Firearm-7 to UC-1, the cellphone associated with Phone Number-2 was located in and around South Carolina.

   c. On or about May 19, 2019, the day before FARMER sold Firearm-8 and Firearm-9 to UC-1, the cellphone associated with Phone Number-2 was located in and around North Carolina.

3. Based on my review of records from law enforcement databases, my training and experience regarding the manufacture of firearms, and my conversations with other law enforcement agents, including an interstate nexus expert with regard to firearms, I know that Firearm-1 was manufactured in Huntsville, Alabama. In addition, Firearm-1 was reported stolen from Chatham County, Georgia, and Firearm-3 was reported stolen from Harnett County, North Carolina.

4. Based on my review of searches of an ATF database, and based on my conversations with other law enforcement agents, I have learned that there is no record or entry with respect to an application for, or existence or issuance of, a license to deal, import, or manufacture firearms to LARRY FARMER, the defendant, for the period in or about April 2018 to in or about May 2019.

5. I have reviewed criminal history records pertaining to LARRY FARMER, the defendant, which show that FARMER was convicted on or about April 13, 2007, in the Supreme Court of the State of New York, New York County, of Attempted Robbery in the Second Degree, in violation of New York Penal Law § 160.10, which is a felony punishable by a term of imprisonment of more than one year, and for which FARMER was sentenced to a term of imprisonment of two years.

4

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of LARRY FARMER, a/k/a "P-90," the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

_____
LAEJON BROOKS
Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Sworn to before me this
21st day of May, 2019

_____
THE HONORABLE DEBRA FREEMAN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK